

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00212-CR

TIFFANY WEATHERS,

                                        Appellant

 v.

THE STATE OF TEXAS,

                                        Appellee


**From the 77th District Court
Freestone County, Texas
Trial Court No. 20-100-CR**


## MEMORANDUM OPINION


In two issues, Appellant Tiffany Weathers challenges her conviction for assault against a peace officer, a violation of Section 22.01 of the Texas Penal Code. TEX. PENAL CODE ANN. § 22.01. We will affirm.

Weathers' conviction arose out of a physical altercation with a Teague, Texas police officer. A jury found Weathers guilty of assault against a peace officer, and the trial court assessed her punishment at ten years' incarceration in the Texas Department of Criminal Justice.

Weathers asserts that the evidence was legally insufficient to support her conviction and that her due process rights were violated. Both issues are predicated on Weathers' argument that the State did not prove that the officer suffered a bodily injury as the result of being struck by Weathers' hands as required by the language of the indictment.

The indictment against Weathers specifically charged that she did "intentionally, knowingly, and recklessly cause bodily injury to [the police officer] . . . by striking her with her hand, and the defendant knew that the complainant was a police officer and the complainant was lawfully discharging an official duty, namely attempting to arrest Tiffany Weathers. . . ."

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App.

2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. Ramsey v. State, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

The elements of the offense of assault on a peace officer are: (1) the defendant intentionally, knowingly, or recklessly caused bodily injury to a peace officer; (2) the defendant knew the other person was a peace officer; and (3) the peace officer was lawfully discharging official duties at the time of the assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-2). "Section 22.01 broadly defines bodily-injury assault as any injury caused in any way with a requisite culpable mental state." *Ortiz v. State*, 623 S.W.3d 804, 806 (Tex. Crim. App. 2021) (citing § 22.01(a)(1)). "Bodily injury" is also broadly defined as "physical pain, illness, or any impairment of physical condition." *Id*. (citing

TEX. PENAL CODE ANN. § 1.07(a)(8)). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). "The jury may infer that a victim felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *McCall v. State*, 635 S.W.3d 261, 272 (Tex. App.—Austin 2021, pet. ref'd); *see also Fonseca v. State*, 2005 WL 3440730, at *7 (Tex. App.—Austin Dec. 15, 2005, no pet.) (slap that "hurts" victim provides evidence of bodily injury).

The police officer who was the victim in this case testified as follows:

Q. ([PROSECUTOR]) Stopping the video at 5 minutes and 5 seconds.
Right there, as you go to her, what are you trying to do?
A. Handcuff her.
Q. Okay. And what does she do?
A. Hit me in my face.
Q. Okay. And -- you said that she hit you in your face?
A. Yes.
Q. There, we see kind of both of her hands throw out at you.
Do you remember which hand she hit you with?
A. I don't. She -- I know she pushed me with one and hit me with the other one.
Q. Okay. And do you remember where on your face that it hit you?
A. This area (indicating).
Q. Okay. So you're -- you're pointing to the right side of your face.
A. Like cheekbone area.
Q. Cheekbone area.

. . .

Q. ([PROSECUTOR]) Okay. And did it hurt you?
A. Yes.

The physical pain suffered by the police officer was sufficient to meet the definition of bodily injury. There was, therefore, sufficient evidence to support

Weathers' conviction.  Additionally, there was no variance between the indictment and the State's evidence such that Weathers' conviction violated due process.

We overrule both of Weathers' issues and affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,*
      Justice Johnson, and
      Justice Smith
Affirmed
*(Chief Justice Gray concurs in the Judgment of the Court.  A separate opinion will not issue.)
Opinion delivered and filed March 8, 2023
Do not publish
[CR25]

